UNITED STATES DISTRICT COURT FOR
DISTRICT OF MARYLAND

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOHN McCRORY                                *

      Plaintiff                       *

v.
                                            *

DELMARVA AUTO GLASS, et al        CASE NO.: CCB- 02-CV2350
                                            *

      Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION FOR EXTENSION OF THE SCHEDULING ORDER OR DISCOVERY DEADLINE BY THIRTY TO FORTY-FIVE DAYS

Plaintiff, by and through counsel, pursuant to Local Rule 105, moves for Extension of the Scheduling Order or the Discovery Deadline by thirty to forty-five days and for good cause states as follows:

1. Because of the predicament he was thrown into, which predicament arose out of the occurrence that gave rise to this case, Plaintiff remained unstable for a significant period of time. He could not find a job in this area and had to move out of state to get a job. As a matter of fact, for a substantial period of time, he could neither afford a phone nor an address of his own. Thus, contact with him by counsel was made extremely difficult or almost impossible. For several months, counsel had to contact Plaintiff via third parties and occasionally when he returned calls, counsel was either in court or out of the office.

2. In the meantime, discovery in the instant case commenced and obtaining an expert for a North Carolina residence by a lawyer situated in Maryland almost became a conundrum.

3. Pursuant to the Scheduling Order, Plaintiff was to designate his expert by February 10, 2003.  In compliance with the Scheduling Order and to preserve Plaintiff's rights however, on February 7, 2003, the undersigned filed a Disclosure Statement to the effect that since discovery was still ongoing, Plaintiff may need to supplement his Disclosure Statement at a later date.   That of course, was because Plaintiff had not found an expert but contemplated the use of one in the case.

4. Additionally, in the meantime, Plaintiff got a job, a phone and an address of his own.  Despite appreciable diligence by counsel, counsel was unable to find an expert. The problem was not just finding an expert, it extended to finding one whose calendar will be compatible with the Scheduling Order and both counsel's calendars.  Very recently, and on March 25, 2003, however, counsel was able to get a commitment from an expert. Counsel immediately and on the same day, designated Plaintiff's expert.

5. As it is, both counsel for Plaintiff and counsel for defense in this case will be out of the country between the first and third week of April.  The earliest, clearly mutually convenient period for both counsel to do anything regarding discovery will be, at or after that date.  Coincidentally, that is also when the expert will be available for deposition and the like.  As per the Scheduling Order though, discovery closes on April 28, 2003.

6. Because Plaintiff has just designated his expert, defendant will either need to designate its own expert or at the minimum depose the Plaintiff's expert.  Since discovery closes on April 28, 2003, there may not be adequate time to accommodate the needs of the parties respecting discovery.  It is for this reason, that Plaintiff humbly requests that the discovery deadline or Scheduling Order be extended by 30 to 45 days.

7. This is the first request for extension of discovery deadline in this case. No previous request or orders have issued on extending discovery deadlines.

8. Defense counsel represented that he does not consent to this motion but will not file an opposition to same.

9. Since no trial date has been set in this case, the likelihood of anyone being prejudiced is almost nil or nonexistent.

WHEREFORE, for these and other reasons that appear to this Honorable Court to be proper and just, Plaintiff prays that this Motion be granted.

Respectfully submitted,

LAW OFFICES OF ANNE GBENJO

/s/ Anne J.A. Gbenjo_____
Anne J.A. Gbenjo, 12145
1300 Mercantile Lane
Suite 100-C
Largo, MD 20774
Phone:  301-883-0250
Fax:  301-883-9741

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2003, a copy of Plaintiff's Response to Defendant's Motion To Strike Plaintiff's Rule 26(A)(2) Disclosures was electronically filed with the court and also sent via facsimile to:

Steven B. Schwartzman, Esquire
HUK&P
901 Dulaney Valley Road - Suite 400
Towson, Maryland 21204-2600
Attorney for Defendants

/s/ Anne J.A. Gbenjo_____