UNITED STATES DISTRICT COURT FOR
DISTRICT OF MARYLAND

```
***************************************************
JOHN McCRORY                            *

            Plaintiff                   *
v.
                                        *
DELMARVA AUTO GLASS, et al                        CASE NO.: CCB- 02-CV2350
                                        *
            Defendants
***************************************************
```

### PLAINTIFF'S RESPONSE TO DEFENSE' MOTION TO STRIKE PLAINTIFF'S RULE 26(a)(2) DISCLOSURE

Plaintiff, by and through counsel, pursuant to Local Rule 105 responds to Defense' Motion to Strike Plaintiff's Rule 26(a)(2) Disclosure (Defense' Motion) and states:

1. The gist of the Defense Motion is that rather than designate his expert in February 2003, Plaintiff designated it in March, 2003 and thus it (defense) "is prejudiced by this late disclosure."

2. In filing its Motion to Strike, Defense failed to inform this Court that defense itself failed to timely respond to Plaintiff's discovery requests and has twice (via a March 12 and a March 18, 2003 letter) requested extension of time in which to provide responses to those Interrogatories and Request for Production of Documents and has yet to do so.

3. One would think that as a matter of professional courtesy, a defendant who has sought such extensions from Plaintiff would first call or contact Plaintiff and make inquiries of workability before filing such motion.

4. Though the Scheduling Order requires that Plaintiff designate his expert by

February 10, 2003,[1] the fact that Plaintiff filed timely (on February 7, 2003) filed a Disclosure Statement, in compliance with the Scheduling Order, to the effect that he may need to supplement his Disclosure Statement at a later date, should at the minimum, have put defense on notice that there existed a reasonable likelihood that Plaintiff was going to designate an expert or supplement his Disclosure Statement if nothing at all

5. This is not a case where there has been gross abuse of discovery. Nor is it a case where Plaintiff has requested multiple extensions. Here, because Plaintiff himself is in North Carolina while his counsel is in Maryland and his expert in Virginia, scheduling has been very difficult. In fact, Plaintiff's counsel has had to invest considerable and significant effort before she could finally obtain the expert's commitment in a way compatible with everybody's calendar.

6. The alleged delay in this case, i.e., one month, is not such as would shock anyone's conscience in that even where there existed more than four months delay, and the requestor's reasons are conflicting and weak, and the designation was one month after discovery had ended, the Court granted the designation albeit with a slap on the wrist. **Pepco v. Motor Electric Supply** 190 F.R.D. 372 (D. Md. 1999).

7. While the grant or preclusion of an expert's testimony lies within the discretion of the Court, the instances where courts have denied the request of belated expert designation are those where experts were designated the eve or trial, day of trial or within a few weeks of trial date or even where there has been gross abuse of discovery. There clearly is no such scenario here, hence making those cases clearly distinguishable from the case at bar. "The prejudice necessary to cause the drastic remedy of exclusion

---

[1] Contrary to the assertion in the last paragraph or paragraph 8 of defense' motion, Plaintiff was not required to identify his expert "prior to February 10, 2003" and makes

is not present in this case. See ***Tucker v. Ohtsu Tire & Rubber Co., Ltd***., 49 F.Supp.2d 456, 462-63 (D. Md. 1999) (no requisite prejudice where expert opinion supplemented before discovery cutoff and no trial date set) ***Congressional Air, Ltd. v. Beech Aircraft Corp***., 176 F.R.D. 513, 515-16 (D.Md. 1997) (disallowing rebuttal expert disclosed within twelve days of due date of pretrial order, and less than one month before trial*);* ***McNerney v. Archer Daniels Midland Co***., 164 F.R.D. 584, 587 (W.D.N.Y. 1995)(drastic remedy of preclusion of expert testimony should be applied only where party's conduct is in flagrant bad faith and disregard of the rules).  Defense has not alleged nor presented this Court with any flagraance, bad faith or disregard of the rules on the part of the Plaintiff.

  8.  In determining whether to exclude witnesses not disclosed in compliance with the scheduling order, the Court must consider four factors: 1) the reason for failing to name the witness, 2) the importance of the testimony, 3) potential prejudice in allowing the testimony, and 4) the availability of a continuance to cure such prejudice. ***Geiserman v. McDonald,*** 893 F.2d at 791; see also ***Patterson v. F.W. Woolworth Co***., 786 F.2d 874, 879-80 (8th Cir.1986)(applying similar factors in concluding that court did not abuse discretion in allowing late expert); ***Sullivan, 175 F.R.D***. at 506-07(same factors govern resolution of motion to exclude expert testimony under Fed.R.Civ.P. 37(c)(1)). Consideration of these factors here demonstrates why Plaintiff's Motion to Amend the Scheduling Order must be granted." ***Pepco.***

  9.  In the instant case, just as in ***Pepco,*** there is no trial date yet and therefore there is actually no trial to continue. As a matter of fact, discovery is still ongoing and not yet closed.  As a result, there will be neither prejudice nor potential prejudice to anyone.

---

the undersigned counsel wonder whether it was a [deliberate] inadvertence.

Needless to say there will be nothing to cure. Nonetheless, for the reasons stated herein and in the attached Motion, Plaintiff was unable to identify his expert prior to the time he did. In his Disclosure Statement, Plaintiff stated that he would gladly consent to the same extension for the defense - which is an implication of workability.

      10. In designating the expert, counsel for Plaintiff is cognizant of the fact that both counsel (i.e. counsel for defense and the undersigned counsel) in this case, will be out of the country between the first and third week in April. Thus scheduling anything prior to their arrival may not be mutually convenient or compatible with both calendars. The fact that the Plaintiff's expert will be available just about the same time will work to the advantage of all parties.

      11. Plaintiff's expert's testimony is crucial and material to his case and he will be substantially prejudiced by its preclusion. Such preclusion will be out of the ordinary and will indubitably work to Plaintiff's detriment. Additionally, striking the Plaintiff's expert will be tantamount to excluding the testimony of the Plaintiff's expert at the trial of this case and will not serve the interest of justice.

      12. Extension of 30 to 45 days on the Scheduling Order may serve as a panacea for all the issues or potential issues respecting this matter and will not prejudice the rights of the parties to this case and will serve the interest of substantial justice. Thus, a Motion furthering that purpose is attached.

/

/

WHEREFORE, Plaintiff prays that this Honorable Court allow his expert's designation and deny the Defense Motion.

                                                        Respectfully submitted,

                                                        LAW OFFICES OF ANNE GBENJO

                                                        /s/ Anne J.A. Gbenjo\
                                                        Anne J.A. Gbenjo, 12145\
                                                        1300 Mercantile Lane\
                                                        Suite 100-C\
                                                        Largo, MD 20774\
                                                        Phone: 301-883-0250\
                                                        Fax: 301-883-9741

                                                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2003, a copy of Plaintiff's Response to Defendant's Motion To Strike Plaintiff's Rule 26(A)(2) Disclosures was electronically filed with the court and also sent via facsimile to:

Steven B. Schwartzman, Esquire\
HUK&P\
901 Dulaney Valley Road - Suite 400\
Towson, Maryland 21204-2600\
Attorney for Defendants

                                                        /s/ Anne J.A. Gbenjo