# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3220
Fax (410) 962-6836

October 22, 2003

Steven B. Schwartzman, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, MD 21204-2600

Anne J.A. Gbenjo, Esquire
1300 Mercantile Lane
Suite 100-C
Largo, MD 20774

Re:    John McCrory v. Delmarva Auto Glass, et al., Civil No. CCB-02-2350

Dear Counsel:

Pursuant to a request from Mr. Schwartzman, enclosed is a copy of my "boilerplate" civil jury instructions for your use in preparing for the trial in this case.

Sincerely yours,

/s/

Catherine C. Blake
United States District Judge

**John McCrory v. Delmarva Auto Glass, et al.**
**Civil No. CCB-02-2350**

At the outset, I want to thank you for your patience and attention throughout this case. All the parties appreciate your careful consideration of the evidence, your patience with our recesses and delays, and your promptness, even when we are not as prompt as you.

As you may already know, the functions of the Judge and of the Jury in a case of this sort are quite different. It is my duty as Judge to instruct you as to the law which applies to this case. It is your duty to decide the facts, and then to apply the law as I state it to you.

You should not single out any one sentence or individual point in these instructions and ignore the others. Rather, you should consider all of my instructions as a whole, and you should consider each instruction in the light of all others. Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated in these instructions, you should of course follow these instructions.

You and only you are the judges of the facts. If any expression of mine, or anything I may or may not have done or said during the course of the trial, seemed to indicate any opinion I might have on any factual matters, I instruct you to disregard it.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All persons, including corporations, stand equal before the law and are entitled to the same fair treatment under the law. Accordingly, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age. It would be

equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.   Our judicial system cannot work unless you reach your verdict only through a fair and impartial consideration of the evidence.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence - such as the testimony of an eyewitness.  The other type of evidence is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

There is a simple example of circumstantial evidence which is often used.  Assume that when you came into the courthouse this morning the sun was shining.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Someone else then walked in with a raincoat that was also dripping wet.  You cannot look outside of the courtroom; consequently, you have no direct evidence of whether or not it is raining.  But, on the combination of facts, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to the definition of circumstantial evidence.  You infer on the basis of reason and experience from an established fact the existence or the nonexistence of some other fact.  Circumstantial evidence is of no less value than direct evidence.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

In deciding the facts, you may consider not only any evidence to which I may refer, and the evidence to which you may be referred by counsel in their arguments, but you may also

consider any testimony or exhibits in the case, whether or not referred to by me or by counsel, which you believe to be important to your decision.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts in this case.  But in considering the evidence, you are permitted to draw, from facts you find have been proved, such reasonable inferences as seem justified in the light of your own experience.  Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

The questions and arguments of counsel are not evidence and should not be considered as evidence.  The evidence in the case, which you may consider with respect to all claims, consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them and all facts which may have been admitted or stipulated.   Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

A number of exhibits have been admitted into evidence in this case and will be available for your review.  Do not pay any special attention to which side introduced an exhibit, or to the numbers on the exhibits as counsel premarked them to help the Court Clerk and at trial may have decided against the use of certain ones. You may consider the exhibits that have been admitted for any purpose, consistent with these instructions, that will help you evaluate the merits of this case.  You should give the exhibits the weight and credibility that

you deem appropriate.

During the course of the trial, I may have occasionally asked questions of a witness, in order to bring out testimony I was not clear about. Do not assume that I hold any opinion on the matters to which my questions may have related.

At times throughout the trial, I have been asked to rule on the admissibility of certain offered evidence. You should not be concerned with my rulings or the reason for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, I do not determine what weight should be given to such evidence; that is up to you. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You are not required to believe any witness even though his or her testimony is uncontradicted. In determining whether or not to believe a witness, you should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and his or her demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict;

and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently; innocent misrecollection, like failure of recollection, is not an uncommon experience.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, should be considered by you, but, in weighing their effect, you should consider whether the inconsistencies or discrepancies relate to a matter of importance or an unimportant detail, and whether the discrepancy or inconsistency results from innocent error or willful falsehood.

A witness may be discredited, not only by contradictory evidence, but also by evidence that at other times the witness has made statements which are inconsistent with the present testimony of that witness.  In weighing the testimony of any witness, therefore, you should consider whether he or she has made statements at other times which are inconsistent with his or her present testimony, and whether such inconsistency, if you find any, results from innocent error or willful falsehood, as well as whether it relates to a matter of importance or an unimportant detail.

After you have considered all the factors bearing upon the credibility of a witness which I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness.  In other words, you may give the testimony of any witness such credibility and

weight, if any, as you may think it deserves.

You should not decide any issue of fact in this case based on which side brings the greater number of witnesses, or presents the greater quantity of evidence. Instead, you should base your decision on which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of its claims by a preponderance of the evidence. The burden is on the defendant to prove by a preponderance of the evidence any affirmative defense it may raise.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. If you believe that the evidence is evenly balanced on an issue, then your finding must be against the party who has the burden of proof on that issue.

The instructions I have given you so far apply to any civil case. Now I will give you some specific instructions about the claims in this case.