IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO BACK PAY DAMAGES

Defendants, during discovery, have repeatedly requested information regarding Plaintiff's calculation of back pay damages and requested that Plaintiff itemize his damages. Plaintiff refused, responding that "the law of discrimination does not require this of me" and refused to provide any itemization of damages. (Answer to Interrogatory No. 13). Defendants have followed-up with correspondence seeking this information. Plaintiff responded that Defendants had deposed Plaintiff and, thus, had all the information they needed. However, Plaintiff's responses during his deposition with respect to his earnings were less than clear.

To this day, Plaintiff has not itemized the damages which he seeks. Defendants have no idea of how much of the $7 million in compensatory damages claimed relates to back pay (or interest on back pay). Plaintiff has never stated whether, in his view, his current employment cuts off any further back pay.

It is clear that the Plaintiff has the initial burden of producing evidence of entitlement to back pay. Ford v. Rigidply Rafters, Inc., 984 F. Supp. 386 (D. Md. 1997). Plaintiff has not proffered any calculation of back pay during discovery, nor has Plaintiff identified any economic experts whom he intends to introduce. In short, Plaintiff has not produced any calculation by which Defendants can determine the amount of back pay that Plaintiff is seeking. See Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, at 513, n. 10 (4th Cir. 2002) (affirming exclusion of damages testimony when party failed to properly supplement discovery).

Fed. R. Civ. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Defendants have been harmed by Plaintiff's failure to specify any alleged damages for back pay, because Defendants have no idea what Plaintiff is demanding and have had no opportunity to have those calculations reviewed by any expert or outside party. Although Defendants have obtained Plaintiff's W-2 forms, and although Defendants can speculate on the amount of lost pay, Defendants are entitled to have Plaintiff quantify his demand, and in his failure to do so, Plaintiff should be sanctioned.

                                                              /s/
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:  (410) 938-8909
Attorney for Defendants

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Motion in Limine to Exclude Evidence Related to Back Pay Damages was mailed by U.S. mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD  20774
Attorney for Plaintiff

                          /s/
                    Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine back pay.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of Defendants' Motion in Limine to exclude evidence related to back pay damages, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1. That said Motion be and the same hereby is GRANTED; and

2. That Plaintiff, his counsel, and all witnesses on Plaintiff's behalf shall not argue, comment upon, testify to or reference any back pay allegedly owed to Plaintiff.

_____
The Honorable Catherine C. Blake
United States District Court Judge