IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE STATEMENTS UNRELATED TO PLAINTIFF'S PERIOD OF EMPLOYMENT**

Plaintiff, in his pleadings, and during discovery, have made repeated references to alleged workplace comments which predate Plaintiff's period of employment with Delmarva Auto Glass or which occurred after Plaintiff's employment was terminated.

For example, Plaintiff obtained a statement from a potential witness, James Ochs, referencing an incident of alleged racial prejudice that occurred in April 1999.  (Plaintiff began work for Delmarva Auto Glass in July 2000).  In addition, Plaintiff has, in discovery, inquired about comments made by Delmarva Auto Glass owners or employees, unrelated to Plaintiff, after Plaintiff's employment terminated in July 2001.  Defendants contend that the Court should exclude testimony regarding any alleged statements made outside of Plaintiff's term of employment, and unrelated to Plaintiff.

For Plaintiff's hostile work environment claim to succeed, Plaintiff must show that any conduct unreasonably interfered with his work environment.  Events which predate Plaintiff's period of employment or events not involving Plaintiff, are not evidence which can support his claim for a hostile work environment.  See Nicole v. Grafton School, Inc., 181 F. Supp. 2d 475, 482 (2002) (holding that

events which occurred without the plaintiff's knowledge and not involving the plaintiff could not have contributed to her perception that the workplace was hostile and are not evidence which support her hostile work environment claim); Blakemore v. CompUSA, Inc.,1998 WL 754366, 78 FEP Cases (BNA) 57 (E.D. Mich. 1998) (statements made outside the presence of the plaintiff cannot support a hostile environment discrimination claim).  Nor would such statement, unrelated to the Plaintiff, support a claim of unlawful termination based on race.

      Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 is an important rule of evidence which permits this Court in its discretion to exclude relevant evidence on various grounds.  Implementation of the Rule insures that prejudicial evidence will not be presented and that evidence will not be presented which will confuse or mislead the jury.  See Atkinson Warehousing and Distribution, Inc. v. Ecolab, Inc., 99 F. Supp. 2d 665 (D. Md. 2000).

      For these reasons, racial statements allegedly made by Delmarva Auto Glass employees, are of the highly inflammatory type as stated above.  They should be excluded under Rule 403.  In addition, such statements have no relevance in deciding Plaintiff's claim of hostile work environment or unlawful termination based on race.

                                     /s/
                           Steven B. Schwartzman
                           (Federal Bar No. 04686)
                           HODES, ULMAN, PESSIN & KATZ, P.A.
                           901 Dulaney Valley Road - Suite 400
                           Towson, Maryland  21204-2600
                           Tele:  (410) 339-6746
                           Fax:  (410) 938-8909
                           Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Motion in Limine to Exclude Statements Unrelated to Plaintiff's Period of Employment was mailed by U.S. mail, postage prepaid to:

> Anne J.A. Gbenjo, Esq.
> 1300 Mercantile Lane, Ste. 100-C
> Largo, MD  20774
> Attorney for Plaintiff

>                    /s/
> Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine exclude statements.doc

Case 1:02-cv-02350-CCB   Document 31   Filed 10/24/2003   Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

JOHN McCRORY                              *

    Plaintiff                              *

v.                                        *   Case No.: CCB 02 CV 2350

DELMARVA AUTO GLASS, et al.               *

    Defendants                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

UPON CONSIDERATION of Defendants' Motion in Limine to exclude statements unrelated to Plaintiff's period of employment, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1.  That said Motion be and the same hereby is GRANTED; and

2.  That Plaintiff, his counsel, and all witnesses on Plaintiff's behalf shall not argue, comment upon, testify to or reference statements made by Defendants or any partners, officers, or employees of Delmarva Auto Glass, which were made prior to or after Plaintiff's period of employment.

_____
The Honorable Catherine C. Blake
United States District Court Judge