IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO FRONT PAY**

Defendants, during discovery, have repeatedly requested information regarding Plaintiff's calculation of compensatory damages and requested that Plaintiff itemize his damages. Plaintiff refused, responding that "the law of discrimination does not require this of me" and refused to provide any itemization of damages. (Answer to Interrogatory No. 13). Defendants have followed-up with correspondence seeking this information. Plaintiff responded that Defendants had deposed Plaintiff and, thus, had all the information they needed. However, Plaintiff's responses during his deposition with respect to his earnings were less than clear.

Plaintiff, in his Pre-Trial Order, states that he is seeking $7 million in compensatory damages but does not break this figure down to include separate calculations for back pay or front pay. In fact, Defendants do not know whether Plaintiff has a claim for front pay. However, to the extent that Plaintiff should attempt to introduce evidence related to front pay, Defendants contend that such evidence should be excluded.

Because front pay necessarily involves speculation as to future events, the Court must judiciously scrutinize the record to determine whether future events are sufficiently predictable to justify such an award.  See Ford v. Rigidply Rafters, Inc., 984 F. Supp. 386, 392 (D. Md. 1997).  Furthermore, front pay is an equitable, discretionary remedy within the province of the court.  Id.  The award of front pay in any context is highly speculative.  See Barbour v. Merrill, 48 F. 3d 1270 (D.C. Cir. 1995).  Damages are most speculative when there is a relatively young plaintiff.  (Mr. McCrory is still relatively young at age 47).  See Foit v. Suburban Bancorp., 549 F. Supp. 264 (D. Md. 1982) (dismissing the 49-year old plaintiff's demand for front pay in an action under the ADEA because future damages are highly speculative).

Fed. R. Civ. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."  Defendants have been harmed by Plaintiff's failure to specify any alleged damages for front pay, because Defendants have no idea what Plaintiff is demanding and have had no opportunity to have those calculations reviewed by any expert or outside party.  Defendants are entitled to have Plaintiff quantify his demand, and in his failure to do so, Plaintiff should be sanctioned.

                                                                                         /s/
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:   (410) 938-8909
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Motion in Limine to Exclude Evidence Related to Front Pay was mailed by U.S. mail, postage prepaid to:

> Anne J.A. Gbenjo, Esq.
> 1300 Mercantile Lane, Ste. 100-C
> Largo, MD  20774
> Attorney for Plaintiff

>                         /s/
> Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine front pay.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
| Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

UPON CONSIDERATION of Defendants' Motion in Limine to exclude evidence related to front pay damages, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1. That said Motion be and the same hereby is GRANTED; and

2. That Plaintiff, his counsel, and all witnesses on Plaintiff's behalf shall not argue, comment upon, testify to or reference any front pay allegedly owed to Plaintiff.

_____
The Honorable Catherine C. Blake
United States District Court Judge