IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
|    Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESSES NOT NAMED IN DISCOVERY

Plaintiff has identified three witnesses in his Joint Pretrial Order who were not identified during discovery: Larry Jones, Chris McCrory and Gladys Robinson. Defendants submit that this Court should exclude these witnesses from presenting testimony at trial due to Plaintiff's failure to identify them or their expected areas of testimony during discovery.

A trial court has the right to exclude the testimony of an undisclosed witness in the exercise of the court's discretion where the calling party has failed to comply with the discovery rules. See 81 Am. Jur. 2d Witnesses § 61; Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F. 3d 592 (4th Cir. 2003) (district court did not abuse its discretion in excluding any testimony by customer's expert, where customer failed to timely supplement expert's opinion).

Clearly, the names and addresses of witnesses to particular events giving rise to an action are proper objects of discovery. Defendants, in their interrogatories, requested the identity of "each person, other than a person intended to be called as an expert witness at trial, having discoverable information

that tends to support a position that you have taken or intend to take in this action, including any claim for damages. . ." Plaintiff did not identify the above witnesses.

Fed. R. Civ. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Defendants have been harmed by Plaintiff's failure to identify these witnesses prior to the close of discovery because Defendants have had no opportunity to depose them or learn what knowledge they possess.

                     /s/
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:   (410) 938-8909
Attorney for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Motion in Limine to Exclude Witnesses Not Identified During Discovery was mailed by U.S. mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD  20774
Attorney for Plaintiff

                     /s/
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine witnesses.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
|     Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
|     Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

UPON CONSIDERATION of Defendants' Motion in Limine to exclude witnesses not named in discovery, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1.  That said Motion be and the same hereby is GRANTED; and

2.  That Plaintiff shall not be entitled to call as witnesses at trial, the following persons: Larry Jones, Chris McCrory and Gladys Robinson.

_____
The Honorable Catherine C. Blake
United States District Court Judge