IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
|     Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
|     Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANTS' PROPOSED VOIR DIRE

Defendants request that the following voir dire of the prospective jurors be conducted, in addition to the voir dire normally asked by the Court.

This case involves a dispute between an employee, John McCrory, and his former employer Delmarva Auto Glass. Delmarva Auto Glass is a distributor and wholesaler of automobile glass products located on the Eastern Shore. Homer King, one of the owners of Delmarva Auto Glass, is also being sued by Mr. McCrory. Mr. McCrory worked for Delmarva Auto Glass for about a year and alleges that he was subjected to a hostile work environment for most of that time because of his race. He also alleges that Delmarva Auto Glass fired him in retaliation for complaining about the work environment. Delmarva Auto Glass denies these claims.

    A.    **Knowledge of the Parties, Counsel and Witnesses**

        1.    Is any member of the jury panel (or any member of your immediate family or close personal friends) related by blood or marriage to, or personally acquainted with:

- John McCrory, III

- Delmarva Auto Glass

- Homer King

If so, would you please stand and identify yourself and describe the nature of your knowledge and/or relation to one or more of the individual(s).

2. Do you know anyone else on this panel?

3. The Plaintiff in this case is represented by Anne Gbenjo, Law Offices of Anne Gbenjo. Are you, or any members of your immediate family or close personal friends, related to, acquainted with, or have you been represented by or opposed in a case by Plaintiff's lawyer?

4. The Defendants in this case are represented by Steven B. Schwartzman of the law firm of Hodes, Ulman, Pessin & Katz, P.A. Are you, or any members of your immediate family or close personal friends, related to, acquainted with, or have you been represented by or opposed in a case by Defendants' lawyers?

5. The following list of people who may be mentioned or appear as witnesses during the course of the trial in this case. Are you or any members of your family acquainted with, or have business, social or other contact with any of the people whose names I am about to read? If so, please stand and identify yourself after I have completed reading this list. The persons are:

- Jim Ochs

- Tina Ochs

- Larry Jones

- Mara McCrory

- Chris McCrory

- John McCrory, II

2

- Yolanda Dackery
- Nichole McCrory
- Floyd Robinson
- Gladys Robinson
- Craig Phillips
- Weelam Slivey
- Colleen Nichols
- Eleanor Ireland
- John Gary Parks, Jr.
- Brian King
- Kevin King
- Charles J. Stonnell
- LeRoy Singleton
- Mike Conway

**B.     Knowledge of the Case**

6.     Do you all understand that this is a civil case and not a criminal case?  By that, I mean the verdict that the jury will return will not determine whether someone is guilty or not guilty of a crime, but rather whether Delmarva Auto Glass or Homer King acted in accordance with the law in regard to John McCrory's employment or termination of employment.  Does anyone have a problem understanding that?

7.     Does any member of the jury panel or any member of your immediate family or close personal friends, have any knowledge of any of the facts and circumstances relating to this case, or

3

heard anything whatsoever regarding this case or the dispute between Mr. McCrory and Delmarva Auto Glass or Mr. King? I am not indicating from this question that there has been any publicity concerning it. If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

**C.     Previous Jury Duty**

8.     Have any of you served as jurors in either criminal or civil cases, or as members of a grand jury, either in state or federal court?

9.     Would your prior experience have any effect or influence on your ability to serve as a fair and impartial juror in this case?

**D.     Previous Legal Experience**

10.     Have you, or any member of your immediate family, ever been a lawyer, studied law in law school or in a paralegal course, taken any courses in law or received any legal training? If you or your family member practiced law, in what area of law were you involved?

**E.     Previous/Current Business Experience**

11.     Have you or any member of your immediate family or close personal friends, ever owned a business, either alone or with partners? If so, please identify the nature of the business.

12.     Is any member of the jury panel or any member of his or her immediate family, employed in any Human Resources capacity, or in any occupation involving employee relations or allegations of harassment?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

### F. Knowledge/Experiences Related to the Subject Matter of the Litigation

13. Has any member of the jury panel, or any member of his or her immediate family or any close personal friends, participated in any action or lawsuit for harassment or violations of any state or federal civil rights or for personal injuries resulting from any cause, as a party or in any other capacity?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

14. Have you, or has any member of your immediate family, ever been the object of racial harassment?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

15. Have you, or has any member of your immediate family, ever been retaliated against by your employer as a result of reporting any type of harassment?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

16. Have you, or has any member of your immediate family, ever been treated differently by your employer because of your race, sex, religion, national origin or age in either pay, job responsibilities, or work conditions?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

17. Have you ever witnessed harassment or discrimination in the workplace of any kind?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

18. Have you, any member of your immediate family or close personal friends, ever been fired from a job?

19. Have you, any member of your immediate family or close personal friends, ever had to fire someone that works for you?

**G.    General Responsibilities of a Juror**

20. As a prospective juror, it will be your duty to determine the credibility – that is the believability of a witness or of a piece of evidence. Is there anyone who does not think they can be responsible for making such decision?

21. Does anyone here believe that you or someone close to you might be affected in any way by the outcome of this case?

22. Does anyone, as you sit here right now, tend to favor one side over the other? That is, in your mind is one side going to have to work extra hard just to get on an even playing field with the other?

23. During the trial you must listen to all the evidence from both sides before you make a decision in this case. You must keep an open mind and give everyone a fair chance to tell his or her side of the story. Is there anyone who cannot do that?

24. Is there anyone who would find it difficult to apply a rule or apply a law as written?

25. As you sit here now, is there anyone who thinks that they could not render a fair and impartial verdict in this particular case because of something we have either specifically asked you or other jurors or not mentioned as yet?

26. Does any member of the jury panel have any personal, moral or religious beliefs or objections which would affect your ability to sit as a member of a jury, fairly and impartially judge the evidence in this case and judge the conduct of others?

27. Does any member of the jury panel have any medical and/or mental condition, including visual impairment, hearing impairment, or any other medical condition, which would affect your ability to sit as a juror in this case?

28. It is expected that this case may last three to four days. Does any prospective juror have any substantial responsibilities or commitments, or any specific problems at home or on the job that would prevent you from sitting as a juror in this case?

29. Do you have any specific problems at home or on the job that might make it difficult or affect your ability to give your full attention to the trial in this case?

30. Does any member of the jury have any beliefs, opinions or suspicions that would prevent him or her from following the instructions of the Court on the law to be applied in this case, even though he or she may disagree with those instructions?

31. Does any member of the jury panel hold any perceived opinions, views or prejudices about employers that would prevent them from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

If so, state the details and state whether such fact would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court.

32. Does any member of the jury panel have any preconceived beliefs about racial harassment in the workplace or in general which would prevent them from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

33. Does any member of the jury panel have any reason, not previously covered by the questions from the Court which would affect your ability to serve as a juror in this case and fairly and impartially judge the evidence?

/s/
Steven B. Schwartzman
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 339-6746
(410) 938-8909 (fax)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Proposed Voir Dire was mailed by U.S. mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD 20774

Attorney for Plaintiff

/s/
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\VOIR DIRE.doc