IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

_____/s/_____
Steven B. Schwartzman
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
Tele:  (410) 339-6746
Facsimile: (410) 938-8909

Attorney for Defendants

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

## BURDEN OF PROOF - PREPONDERANCE OF EVIDENCE

A Plaintiff has the burden in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of Plaintiff's claim by a preponderance of evidence, you should find for Defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proven is more likely true than not true. This standard does not require proof to an absolute certainly, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

3 Fed. Jury Prac. & Instr. § 104.1 (5th ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

## CREDIBILITY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

3 Fed. Jury Prac. & Instr. § 105.01 (5th ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

## TYPES OF EVIDENCE

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 Fed. Jury Prac. & Instr. § 104.05 (5th ed.)

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert's opinions received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

3 Fed. Jury Prac. & Instr. § 104.40 (5th ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

### DEPOSITION TESTIMONY

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

MFJI Cv 74-14

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

### DAMAGES - GENERALLY

In the event that you find for the Plaintiff on the issue of liability, then you must go on to consider the question of damages. It will be your duty to determine what, if any, award will fairly compensate the Plaintiff for the losses.

The burden is on the Plaintiff to prove by the preponderance of the evidence each item of damage claimed to be caused by the Defendants. In considering the items of damage, you must keep in mind that your award must adequately and fairly compensate the Plaintiff, but an award should not be based on guesswork.

MPJI Cv 10:1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

## UNANIMOUS VERDICT

In order to reach a verdict in this case, each of you must agree upon it. Your verdict must be unanimous.

MPJI  Cv  1:12

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### 42 U.S.C. §1981

The claim before you now is based upon 42 U.S.C. §1981, which is also known as the Civil Rights Act of 1866. That statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

MFJI Cv 87-1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**


**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

     Title VII provides that it is an unlawful employment practice to fail or refuse to hire, or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C.A. §2000e  *et seq.*

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

**GENERAL INSTRUCTIONS (SECTION 1981/TITLE VII)**

     To establish his case under Section 1981 or Title VII, the Plaintiff must convince you by a preponderance of the evidence that the Defendants were motivated by a racially discriminatory purpose - that is, the Plaintiff must prove that the Defendants intentionally and purposefully discriminated against him because of race.

     In determining whether the Defendants intentionally discriminated on the basis of race, you may consider all the evidence presented in the case. The Plaintiff may use either direct or indirect evidence to meet this burden. In a moment, I will explain what I mean by direct evidence and indirect evidence. For now, you should understand that the Plaintiff may use either or both in attempting to prove that the Defendants intended to discriminate against him.

     You should also understand that the Plaintiff must prove that the Defendants actually were motivated by a racially discriminatory purpose.

MFJI Cv 87-11  (Modified), <u>Gairola v. Comm. of Va. Dept. of General Services</u>, 753 F.2d 1281, 1285 (4th Cir. 1985)(Title VII and Section 1981 have the same standards for a *prima facie* case).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

## INDIVIDUAL LIABILITY UNDER 42 U.S.C. SECTION 1981

An individual owner or manager can be held personally liable under Section 1981 only when he "intentionally causes a corporation to infringe the rights secured by Section 1981." If you find that Homer King did not direct or participate in the intentional discrimination, you must find in his favor, even if you were to find that the corporation, itself, engaged in discrimination.

Carson v. Giant Food, Inc., 187 F. Supp. 2d 462, 483 (D. Md. 2002) (*citing* Tillman v. Wheaton-Haven Recreation Ass'n, 517 F.2d 1141, 1145 (4th Cir. 1975).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

**INDIVIDUAL LIABILITY UNDER TITLE VII**

An owner or manager is not liable for unlawful conduct under Title VII. You may not find against Mr. King under any of the Title VII claims.

Adams v. Giant Food, Inc., 225 F. Supp. 2d 600, 604  (D. Md. 2002)(*citing* Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13


## DIRECT EVIDENCE OF INTENT


The Plaintiff may prove that the Defendants were motivated by a racially discriminatory purpose by presenting direct evidence to that effect.  Direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved.  An example of direct evidence would be a statement by Defendants that they intended to discriminate against the Plaintiff or the racial group to which he belongs.  The Plaintiff is not required to prove his case by direct evidence, but he may do so.  You should consider this direct evidence along with all of the evidence in the case and determine whether it convinces you, by a preponderance of the evidence, that the Defendants were motivated by a racially discriminatory purpose.

MFJI  Cv 87-12

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

**DIRECT EVIDENCE - "SAME RESULT" DEFENSE**

I tell you now, and I shall shortly instruct you in more detail, that even if you find, by a preponderance of the evidence, that the Defendants intentionally discriminated against the Plaintiff because of his race, you must still consider the defense offered by the Defendants before you reach a verdict.

The defense offered by the Defendants is that even if you find that the Defendants intended to discriminate, nonetheless the Defendants would have reached the same decision regarding Plaintiff, even absent discrimination. If you find from all the evidence that this is more likely true than not, then you may not award compensatory damages to the Plaintiff.

The reason for this is that if the Defendants would have acted as they did in any event, then Plaintiff has not been harmed by the Defendants' conduct, and therefore Plaintiff is not entitled to relief under these statutes.

MFJI  Cv 87-23 (Modified); <u>Fuller v. Phipps</u>, 67 F.3d 1137, 1141 (4th Cir. 1995) (employers afforded an affirmative defense in mixed motive cases whereby remedies can be limited if the employer demonstrates that it would have taken the same action in the absence of the impermissible motivating factor); 42 U.S.C.A. §2000e-5(g)(2)(B).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

## HOSTILE WORK ENVIRONMENT RACIAL HARASSMENT UNDER SECTION 1981 OR TITLE VII

In order for a Plaintiff to maintain a claim under Title VII or Section 1981 based on hostile work environment racial harassment, the Plaintiff must prove the following by a preponderance of the evidence:

(1)  the Plaintiff was a member of a protected class;

(2)  the Plaintiff was subject to unwelcome racial harassment;

(3)  the harassment complained of was based on race;

(4)  the charged racial harassment had the effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and

(5)  the employer has responsibility for the acts of racial harassment in the work place to which the Plaintiff was subjected.

To be actionable under Section 1981 or Title VII, however, the conduct cannot merely generate offensive feelings in an employee.  To be actionable under Section 1981 or Title VII, the conduct must be such as to create a work environment that is both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the Plaintiff in fact did perceive to be so.

MFJI  Cv 88-45;  Collier v. RAM Partners, Inc., 159 F. Supp. 2d 889, 897 (D. Md. 2001) (*citing* Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998)).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

## FELLOW EMPLOYEE

The Court instructs the jury that with respect to conduct between fellow employees, an employer, such as the Defendants, is responsible for acts of racial harassment in the workplace only where the employer had actual or constructive knowledge that the harassment was occurring and negligently failed to take prompt and adequate remedial action to stop it. As a defense, the employer may show that it took timely and appropriate corrective action regarding such conduct.

Collier v. RAM Partners, Inc., 159 F. Supp. 2d 889, 900 (D. Md. 2001); Mikels v. City of Durham, N.C., 183 F.3d 323, 332 (4th Cir. 1999).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

**WRONGFUL TERMINATION UNDER SECTION 1981 OR TITLE VII**

In order to establish a *prima facie* case under Title VII for the wrongful termination, the Plaintiff must demonstrate by a preponderance of the evidence that:

(i)  he or she belongs to a protected class;

(ii)  he or she was qualified and satisfactorily performing his or her job; and

(iii)  he or she was terminated under circumstances giving rise to an inference of discrimination.

MFJI Cv 88-44; McDonnell Douglas Corp. v. Green, 411 U.S. 729 (1973); Adams v. Giant Food, Inc., 225 F. Supp. 2d 600 (D. Md. 2002); Trammel v. BG&E, ___ F. Supp. 2d _____, 2003 WL 22048454 (D. Md. 2003)(in the context of employment discrimination, Section 1981 claims are analyzed under a proof scheme similar to Title VII claims).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

## INDIRECT EVIDENCE - DEFENDANTS' INTERMEDIARY BURDEN

  If you determine that the Plaintiff has made out a *prima facie* case of race discrimination, the burden shifts to the Defendants either to disprove an element of the Plaintiff's case, or to articulate a legitimate non-discriminatory reason for this action.

MFJI  Cv 87-24; <u>Texas Dep't of County Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

**INDIRECT EVIDENCE - DEFENDANT ARTICULATES
NON-DISCRIMNATORY REASON**

The Defendants in this case have stated a legitimate, non-discriminatory reason for terminating the Plaintiff's employment. By doing so, the Defendants have met their burden of producing some explanation of their actions other than discrimination. It is not necessary that the reason be a good one, or even that you believe it to be true. All the Defendants need to do is state a reason other than race for his action. It is the Plaintiff's obligation to disprove that it was the reason for the Defendants' action, not the Defendants' burden, to convince you that it was their reason.

By meeting this intermediary burden, the Defendants have shifted the burden of persuasion back to the Plaintiff. I will shortly instruct you on what the Plaintiff's obligation now is, and how you must evaluate whether it has been met.

MFJI  Cv 87-26;  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-8 (1993).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20

### PRETEXT

The Plaintiff has introduced evidence that the Defendants' articulated reason for their action is nothing more than a pretext for discrimination.  In other words, the Plaintiff has introduced evidence to show that the Defendants' reasons are not the true reasons why the Defendants took adverse action(s) against the Plaintiff, that such reasons are unworthy of belief and that the true reason for the adverse action(s) was discrimination.

When you consider the Plaintiff's evidence that the reason advanced by the Defendants is a pretext, keep in mind that the relevant question is whether the Defendants' reason was not the real reason for their actions.  The question is not whether the Defendants' reason showed poor or erroneous judgment.    You are not to judge the Defendants' wisdom.  An employer is entitled to make an employment decision for good reason, a bad reason or for no reason at all, so long as the decision is not motivated by unlawful discrimination.  However, you may consider whether the Defendants' reason is merely a cover-up for discrimination.  In doing this, you may consider whether the asserted reason comports with the Defendants' own policies and rules and whether such policies and rules have been applied uniformly.   You also should carefully evaluate any subjective reasons that the Defendants have asserted for taking the action(s) against the Plaintiff that it did in deciding whether the Plaintiff has met his burden of proof.

It is the Plaintiff's burden to persuade you, by a preponderance of the evidence that the Defendants took the adverse action(s) against Plaintiff because of his race.  If you do not believe the Defendants' explanations for their action(s), then you may enter, but need not infer, that the Plaintiff has satisfied his burden of proof that the Defendants intentionally discriminated against him because of his race.

MFJI  Cv  87-27;  <u>Reeves v. Sanderson Plumbing Products, Inc</u>., 530 U.S. 133 (2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**

## TITLE VII  RETALIATION CLAIM

To establish a *prima facie* case of retaliation under Title VII, the Plaintiff must show the following:

(1)  protected opposition to discrimination;

(2)   adverse action by an employer contemporaneous with or subsequent to the employee's protected activity; and

(3) a causal connection between such activity and the employer's action.

If a *prima facie* case is established, the burden shifts and the Defendants must articulate a legitimate, nondiscriminatory reason for the adverse action.  Once the Defendants have dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, the Plaintiff may still prevail if the Plaintiff demonstrates the articulated reason was a mere pretext for discrimination.

MFJI  Cv 88-46; Adams v. Giant Food Inc., 225 F. Supp. 2d 600 (D. Md. 2002)(*citing* Von Gunton v. Maryland, 243 F.3d 858, 863 (4th Cir. 2001); Byrd v. the Baltimore Sun Co., ___ F. Supp. 2d ___, 2003 WL 22070340 (D. Md. 2003)(*citing* Nichols v. Harford County Bd. of Ed., 189 F. Supp. 2d 325, 343, (D. Md. 2002)).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22

## COMPENSATORY DAMAGES

If you return a verdict for the Plaintiff, you must then decide the issue of general compensatory damages.

You may award the Plaintiff a sum of money you believe will justly and fairly compensate him for any injury you believe he suffered as a direct result of the Defendants' conduct.

You must award the Plaintiff damages to compensate him for any damages he has proven by a preponderance of the evidence to be a direct result of the Defendants' conduct in violation of Section 1981 or Title VII.

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proven by testimony going solely to the issue of damages.

In the determination of the amount of the award, it will often be impossible for you to arrive at a precise award.  For example, compensatory damages are available for emotional distress and humiliation under Section 1981 or Title VII.  It is difficult to arrive at a precise evaluation of actual damage for emotional harm from a violation of Section 1981 or Title VII.  Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the Plaintiff.  There must be evidence presented at trial to support your award of general compensatory damages, for an award cannot be based on speculation or sympathy on your part.

If the plaintiff proves that the injury he suffered extends into the future because he will be denied future economic opportunities because of the Defendants' discriminatory actions, then the damages you award may compensate him for that loss.  In making your calculation, however, you must include a reduction of future damages, as in loss of income, to present value in order to take into account the earning power of the money awarded.

The damages you award may include an award of back pay.   You may determine the amount of back pay or lost wages that is due to the plaintiff by calculating the hours of work and the amount of wages lost by the plaintiff as a result of the violation of Section 1981 or Title VII by the Defendants.

MFJI  Cv 87-33 (Modified to include Title VII Claims)

**<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23</u>**

**<u>MITIGATION</u>**

In considering damages you will award to the Plaintiff, you must remember that the plaintiff is obligated to mitigate or diminish the damages suffered.  The Plaintiff must take reasonable steps to mitigate his damages.

It is the Defendants' burden to prove, by a preponderance of the evidence, that the Plaintiff failed to take reasonable steps to diminish the extent of the injuries suffered.

MFJI  Cv 87-34

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October 2003, a copy of Defendants' Proposed

Jury Instructions was mailed by U.S. mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD  20774
Attorney for Plaintiff

_____/s/_____
Steven B. Schwartzman
