IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

*******************************
JOHN McCRORY            *
                     *
       Plaintiff     *
v.                   *
                     *
DELMARVA AUTO GLASS, et al  *     CASE NO.: CCB 02 CV 2350
                     *
      Defendants    *
*******************************

PLAINTIFF JOHN McCRORY'S
PROPOSED VOIRE DIRE QUESTIONS, JURY INSTRUCTIONS,
SPECIAL VERDICT FORM AND HIS OBJECTIONS TO DEFENDANT
DELMARVA AUTO GLASS' PROPOSED VOIR DIRE QUESTIONS,
JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

     In submitting these Voire Dire Questions, Jury Instructions and Special Verdict

Sheet, Plaintiff reserves the right to supplement same at trial.

               ATTACHMENTS A, B, C

**LAW OFFICE OF ANNE J.A. GBENJO**

_____
Anne J.A. Gbenjo, 12145
1300 Mercantile Lane
Suite 100-C
Largo, Maryland 20774
Phone:  (301) 883-0250
Fax: (301) 883-9741
Counsel for Plaintiff, John McCrory

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

Dated: <u>October 24, 2003</u>

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**ATTACHMENT A**

**PLAINTIFF'S PROPOSED VOIRE DIRE QUESTIONS**

1.    Does any of the panel members have a college degree?  If they respond yes then inquire into the specific details of their college education.

2.    Has any panel member, his friends, relatives, neighbors work or worked for Delmarva Auto Glass, or any of its officers or executives.

3.    Has any of you or does any of you know anyone who works or has worked for any shop owned by Delmarva Auto Glass.  If the answer is yes then make a detailed inquiry.

4.    Does anyone on this jury, their friends, family or neighbors own or have own or owned stock in Delmarva Auto Glass or any of its subsidiaries?

5.    Does anyone on this jury, their friends, family or neighbors have any stereotypes about African Americans?  If the answer is yes then inquire into detail as to the stereotypes?

6.    Does any of you have any personal convictions or fixed opinions that might make it difficult for you to award fair and adequate damages to Mr. John McCrory for the injuries he has suffered, if the evidence during this trial supports such damages?

7.    For the injuries, pain and suffering he has incurred based on the four counts in his Complaint, Mr. McCrory is seeking 7.0 million dollars in compensatory damages. I appreciate that is a lot of money, and it is important that I ask each of you individually how you would feel about awarding anybody such a large sum.

8.    Is there anyone on this panel that does not believe that mental pain and anguish can be just as real and hurt just as much as physical pain?

9.    Is there anything you have read or that you think may have read, seen heard or experienced that you think may in some way keep you from being a totally fair and impartial person in this case if you are selected.

**QUESTIONS ON RACIAL BIAS AND PREJUDICE**

10.    Does anyone on the panel have or has anyone had a close friend or relative belong to any group or organization that exhibits hatred towards African Americans or any other group of individuals because of their race, color, religion or sex?

11.    Does anyone on the panel have or has anyone had a close friend or relative call any African American any racially derogatory name in the workplace, at home or in a social setting?

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

12.     Does anyone on the panel or has anyone had a close friend or relative who believes that African Americans should not be treated equally to Caucasians in the workplace?

13.     Does anyone on the panel or has anyone had a close friend or relative who has any racial bias towards African Americans?

14.     Does anyone on the panel, their friends, relatives or neighbors have or had any animosity towards African Americans for any reason?  If yes make detailed inquiry?

15.     Does anyone on this jury, their friends, family or neighbors ever live in a community where they have African American neighbors?

16.     Does anyone on this jury, their friends, family or neighbors have any African American friends?

17.     Has anyone on this jury, their friends, family or neighbors ever gone to school with any African Americans?

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**ATTACHMENT B**

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**Sec. 101.41 Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Pattern Jury Instructions of the District Judge's Association of the Fifth Circuit, Civil Cases, Instruction No. 2.20 (1999) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 101.41. (5th ed. 2001).

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**Sec. 101.42 Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

Derogatory remarks may constitute direct evidence of a discriminatory attitude in the workplace.

The reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.

Evidence that a defendant's explanation for an employment practice is unworthy of credence is one form of *circumstantial evidence* that is probative of intentional discrimination.

Pattern Jury Instructions of the District Judge's Association of the Fifth Circuit Civil Cases, Instruction No. 2.18 (1999 and 3C Kevin F. O'Malley et. al., Federal Jury Practice and Instructions Sec. 101.42. (5th ed. 2001); *Hill v. Lockheed Martin Logistics Management, Inc.,* 314 F.3d 657, (4th Cir. 2003); *Desert Place, Inc. v. Costa*, 539 U.S. __ ____ 2003, 123 S.Ct. 2148 (2003) citing *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 508, n. 17, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957);  *Desert Place* citing  *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

**Sec. 101.43 Credibility of Witnesses**

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 101.43. (5th ed. 2001).

**Sec. 101.44 What is Not Evidence**

      In deciding the facts of this case, you are not to consider the following evidence:

statements and arguments of the lawyers, questions and objections of the lawyers,

testimony that I instruct you to disregard, and anything you may see or hear when the

Court is not in session even if what you see or hear is done or said by one of the parties

or by one of the witnesses.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 101.44. (5th ed.

2001).

**Sec. 101.49 Ruling on Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the questions cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

3C Kevin F. O'Malley et. al., Federal Jury Practice and Instructions Sec. 101.49. (5th ed. 2001).

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**Sec. 102.23 Deposition As Substantive Evidence**

Testimony will now be presented through a deposition.  A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial.  A witness' testimony may sometimes be presented in the form of a deposition {if the witness is not present} {if the testimony in court contradicts the witness' deposition testimony}.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read [shown] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

3C Kevin f. O'Malley et. al., Federal Jury Practice and Instructions Sec. 102.23 (5th ed. 2001); Fed R. Evid. 804 (b)(1); Fed. R. Civ. Proc. 32 (a) and Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.23 (1999).

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**Sec. 102.24 Use of Interrogatories**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same considerations as if the answers were made from the witness stand.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 102.24 (5th ed. 2001); Fed R. Civ. Proc. 33; Wright, Miller & Marcus, Federal Practice and Procedure 2d Sec. 2180 and Manuel of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 2.11 (1997).

**Sec. 102.70 Judges Comments to Lawyer**

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*United States v. Jenkins*, 442 F.2d 429, 434 n. 2 (5th Cir. 1971); *United States v. Mickens*, 926 F.2d 1323, 1327-28 (2d Cir. 1991) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 102.70 (5th ed. 2001).

**Sec. 102.73 Judge's Comments on Certain Evidence**

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely.  You are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

*United States v. Natale*, 526 F.2d 1160, 1167 (2d Cir. 1975; *United States v. Musgrave*, 444 F.2d 755 (5th Cir.), cert denied, 414 U.S. 1023, 94 S. Ct. 447, 38 L. Ed. 2d 315 (1973) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 102.73 (5th ed. 2001).

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**MPJI:1:5 Impartiality In Consideration**

You must consider and decide this case fairly and impartially.  All persons, including corporations, stand equal before the law and entitled to the same treatment under the law.  You should not be prejudiced for or against a person because of that person's race, color, religion, political or social views, wealth or poverty.  You should not even consider such matters.  The same is true as to prejudice, for or against, and sympathy for any party.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

Maryland Civil Pattern Jury Instructions 2000 and *Morris v. Wilson*, 74 Md. App. 663, 539 A.2d 1151 (1988), aff'd 317 Md. 284, 563 A.2d 392 (1989).

**MPJI 1:11 Case Submission on Issues**

In this case, it will be your duty to return your verdict in the form of written answers for the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it, it is your duty to answer each of these questions in accordance with the evidence in the case.

Maryland Civil Pattern Jury Instructions 2000.

**MPJI 1:12 Conclusion-Unanimous Verdict**

In order to reach a verdict in this case, each of you must agree upon it.  Your verdict must be unanimous.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

Maryland Civil Pattern Jury Instructions 2000.

**170.01 Nature of the Action**

Plaintiff John McCrory has made a claim under the Federal Civil Rights statutes that prohibit employers from discriminating and retaliating against an African Americans in the terms and conditions of their employment because of the employee's race.

Specifically, Plaintiff John McCrory claims that he was racially harassed, subjected to a racially hostile work environment, he was treated less favorably than his Caucasian coworkers in terms of job benefit, and that he was retaliated against for reporting the racial hostility because he was African-American.

Defendant Delmarva Auto Glass does not have any written anti-discrimination policy but it denies that defendant discriminated against Plaintiff John McCrory. Defendant further asserts that it terminated Plaintiff because Plaintiff badmouth Delmarva and that Plaintiff did not bring to the Company's attention, any allegations of discrimination until after Delmarva terminated his employment.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998); *Faragher v. City of Boca*

*Raton*, 524 U.S. 775, ____, 118 S. Ct. 2275, 2278-79, 141 L. ed. 2d 662 (1998);

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751, 118 S. Ct. 2257, 2264, 141 L. Ed.

2d 633 (1998); *Davis v. Sioux City.* 115 F.3d 1365 (8th Cir. 1997) and 3C Kevin F.

O'Malley et. al., <u>Federal Jury Practice and</u> <u>Instructions</u> Sec. 170.01 (5th ed. 2001).

**Sec. 170.10 Generally**

Section 1981 provides as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States have the same rights in every

State and Territory to make and enforce contracts, to sue, be parties, give evidence, and

to full and equal benefit of all laws and proceedings for the security of persons and

property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making,

performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by

nongovernmental discrimination and impairment under color of State law.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

See 42. U.S. C.A. Section 1981 and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and</u> <u>Instructions</u> Sec. 170.10 (5th ed. 2001).

**Sec. 171.10 Generally**

42 U.S.C. sec. 2000e-2(a) provides that:

It shall be an unlawful employment practice for an employer-

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

42 U.S.C.A. Sec. 2000e-2 and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and</u> <u>Instructions</u> Sec. 171.10 (5th ed. 2001).

**Sec. 171.22 Harassment-Supervisor - No Tangible Employment Action**

      Your verdict must be for plaintiff and against defendant Delmarva Auto Glass on Plaintiff's claim of a Racially Hostile Work Environment if all of the following elements have been proved by the preponderance of the evidence:

      First:  Plaintiff John McCrory was subjected to being called racial name by his supervisors, racial jokes being told by his supervisors (or coworkers), racial slurs or epithets made against African Americans customers of Delmarva to John McCrory's face, verbal abuse of a racial nature and derogatory acts by supervisor (or coworkers) of Plaintiff.

      Second:  Such conduct was unwelcome;

      Third:  Such conduct was based on plaintiff's race.

      Fourth:  Such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive.

      Fifth: At the time of such conduct, Plaintiff John McCrory believed plaintiff's work environment to be hostile or abusive.

      Mr. McCrory does not have to show that he suffered any Tangible or Adverse Employment Action to prevail on his hostile work environment claim. Nor is it necessary for you to find Tangible or Adverse Employment Action in order for you to find for him on

**Law Offices of Anne Gbenjo**
1300 Mercantile Lane, Ste. 100-C
Largo, MD 20774
Phone - 301-883-0250 • Fax - 301-883-9741

this hostile work environment claim.

If any of the above elements has not been proved by the preponderance of the evidence, or if defendant Delmarva Auto Glass is entitled to a verdict under instruction _____ regarding affirmative defenses, your verdict must be for defendant Delmarva Auto Glass and you need not proceed any further in considering this claim.

*Rorie v. United Parcel Serv., Inc.*, 151 F.3d 757, 762 (8th Cir. 1998) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, _____, 118 S. Ct. 2275, 2278-79, 141 L. ed. 2d 662 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 751, 118 S. Ct. 2257, 2264, 141 L. Ed. 2d 633 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S. Ct. 367, 126 L. Ed.2d 295 (1993) (discriminatory intimidation, ridicule and insult) 3C Kevin F. O'Malley et. al., Federal Jury Practice and Instructions Sec. 171.22 (5th ed. 2001). (Modified for Racial Harassment).

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

**Sec. 171.24 Respondent Superior**

Defendant Delmarva Auto Glass is a corporation. A corporation may act only through natural person as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation. However, even though an act is forbidden by law, it may still be within the scope of employment so as to bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their forseeability.

Defendant Homer King is one of the two partners of Delmarva and an agent of Delmarva Auto Glass. In his dealings with Plaintiff in this case, he was acting within the scope of his employment and authority.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*Perry v. Ethan Allen, Inc.* 115 F.3d 143, 153 (2d Cir. 1997) and 3C Kevin F. O'Malley et.

al., Federal Jury Practice and Instructions Sec. 171.27 (5th ed. 2001).

**Sec. 171.40 Hostile or Abusive Work Environment**

  To establish a hostile or abusive work environment, plaintiff must prove by a

preponderance of the evidence that the workplace was permeated with discriminatory

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions

of the Plaintiff's employment and create an abusive work environment.  In determining

whether a work environment is "hostile" or "abusive," you must look at all the circumstances

including:

- The total physical environment of the plaintiff's work area;

- The degree and type of obscenity that filled the environment before and after
  the plaintiff arrived;

- The reasonable expectations of the plaintiff upon entering the environment;

- The frequency of the offensive conduct;

- The nature of the unwelcome racial acts or words;

- The severity of the conduct;

- Whether the conduct was physically threatening or humiliating;

- Whether it was merely an offensive utterance; and

- Whether it unreasonably interfered with the employee's work performance.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

The effect on the plaintiff's mental and emotional well being is also relevant to determining whether plaintiff John McCrory actually found the workplace environment to be hostile or abusive, but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional teasing, occasional teasing, does not constitute an abusive work environment. Only extreme conduct amounting to a material change in the terms and conditions of employment can violate the applicable law.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*Faragher v. City of Boca Raton*, 524 U.S. 775, 786-87, 118 S. Ct. 2275, 2282-83, 141 L. Ed. 2d 662 (1998), citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-23, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.40 (5th ed. 2001).

**Sec. 171.45 Reasonable Person**

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993); *Highlander v. KFC National Mtg. Co.*, 805 F.2d 644 (6th Cir. 1986) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.45 (5th ed. 2001).

**Hostile Work Environment - Definition of "Unwelcome Conduct."**

"Conduct is 'unwelcome' if the plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive."

*Moylann v. Maries County*, 792 F.2d 746, 749 (8th Cir. 1986) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.22 (5th ed. 2001).

**Sec. 171.74 Hostile Work Environment Reasonable Care to Prevent Racial Harassment**

You must find for the defendant Delmarva Auto Glass, if you find defendant Delmarva Auto Glass has proved by a preponderance of the evidence:

First: That defendant exercised reasonable care to prevent and correct promptly any racial harassing behavior and

Second: That Plaintiff John McCrory unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise you must find in favor of Plaintiff.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, _____, 118 S. Ct. 2275, 2278-79, 141 L. ed. 2d 662 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751, 118 S. Ct. 2257, 2264, 141 L. Ed. 2d 633 (1998) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.74 (5th ed. 2001).

**Sec. 171.90 Compensatory Damages**

If you find defendant Delmarva Auto Glass discriminated against Plaintiff John McCrory based on Plaintiff's race, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that plaintiff John McCrory proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less. You may award damages for any pain, suffering or mental anguish that Plaintiff John McCrory experienced as a consequence of defendant's Hostile Work Environment. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in Evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

that Plaintiff John McCrory prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

*Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir. 1988); *Gunby v. Pennsylvania Elec. Co.*, 840 F.2d 1108, 1121-22 (3d Cir. 1988), cert denied, 492 U.S. 905, 109 S. Ct. 3213, 106 L. Ed2d 564 (1989); *Kyles v. J.K. Guardian Securities Services, Inc.*, 222 F.3d 289, 300 (7th Cir. 2000); *Block v. R.H. Macy & Co.*, 712 F.2d 1241, 1244 (8th Cir. 1983) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.90 (5th ed. 2001).

**Sec. 170.41 Preponderance of the Evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

*Patterson v. McLean Credit Union*, 491 U.S. 164, 186-87, 109 S. Ct. 2363, 2377-78, 105 L. Ed. 2d 132 (1989) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 170.41 (5th ed. 2001).

**Sec. 170.42 Proximate Cause**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

See generally Restatement (Second) of Torts sec. 430-461: Prosser & Keeton, Law of Torts sec. 41-45 and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 170.42 (5th ed. 2001).

**Sec. 171.23 Harassment-Hostile Environment-Co-Worker**

Defendant Delmarva Auto Glass the employer, is responsible or liable for the actions of plaintiff's co-workers in plaintiff's claim of racial harassment and a racially Hostile and Abuse Environment. If Plaintiff John McCrory proves by a preponderance of the evidence that: First: Plaintiff John McCrory was subjected to intentional discrimination because of plaintiff's race by the intentional conduct of plaintiff's co-workers consisting of conduct of an unwelcomed racial nature, such as derogatory language; racial name calling in the workplace and offensive and humiliating racial jokes and comments by co-workers;

Second: This alleged conduct was severe and pervasive;

Third: The alleged conduct detrimentally affected plaintiff John McCrory;

Fourth: The conduct would have detrimentally affected a reasonable person in plaintiff's position;

Fifth: Management level employees knew, or should have known, of the alleged racial harassment described above.

Sixth: Management level employees failed to implement prompt and appropriate corrective action. If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant Delmarva Auto Glass and you need

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

not proceed further in considering this claim.

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775,

____, 118 S. Ct. 2275, 2278-79, 141 L. ed. 2d 662 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751,

118 S. Ct. 2257, 2264, 141 L. Ed. 2d 633 (1998); Davis v. Sioux City, 115 F.3d 1365 (8th Cir. 1997) and

3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and</u> <u>Instructions</u> Sec. 171.23 (5th ed.

2001). (modified)


**RETALIATION:**

If Plaintiff John McCrory proves by a preponderance of the evidence that:

First:  he engaged in protected activity - for example reported discrimination;

and

Second: Delmarva  took adverse employment action against him - for example termination;

and

Third: There was a causal connection between the protected activity and the adverse action

(this is to say that McCrory would not have suffered the adverse employment action had he

not engaged in a protected activity), then you must find for Plaintiff on his Retaliation Claim.

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

***Hill v. Lockheed Martin Logistics Management, Inc.,*** 314 F.3d 657, (4th Cir. 2003);

Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

**Sec. 170.64 Punitive Damages**

Plaintiff John McCrory claims the acts of defendant Delmarva Auto Glass were done with malice or reckless indifference to Plaintiff's federally protected rights so as to entitle plaintiff John McCrory to an award of punitive damages in addition to compensatory damages.

An award of punitive damages would be appropriate in this case only if you find for plaintiff John McCrory and then further find from a preponderance of the evidence:

First: That a higher management official of defendant Delmarva Auto Glass personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

Second: That Defendant Delmarva Auto Glass itself has not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Delmarva Auto Glass, you may consider the financial resources of defendant Delmarva Auto Glass in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

a reasonable relationship to the actual injury, you must consider all relevant factors.  These include:

      1.      The impact or severity of defendant's conduct.

      2.      The amount of time defendant Delmarva Auto Glass conducted itself in this manner.

      3.      The amount of compensatory damages.

      4.      The potential profits defendant Delmarva Auto Glass may have made from either Homer King or defendant's conduct.

      5.      The attitude and actions of defendant's top management after the misconduct was discovered.

      6.      The effect of the damages award on defendant's financial condition.

Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 460, 95 S. Ct. 1716, 1720, 44 L. Ed 295 (1975), the Supreme Court held that a plaintiff in a Section 1981 action is entitled to punitive damages "under certain circumstances"; Patterson v. McLean Credit Union, 491 U.S. 164, 182 n4 (1989) and 3C Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions</u> Sec. 171.64 (5th ed. 2001). (modified)

**MIXED MOTIVE**

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's race and also by other lawful reasons. If you find that the plaintiff's race was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

However, if you find that the defendant's treatment of the plaintiff was motivated by both race and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's race had played no role in the employment decision.

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE – 301-883-0250 • FAX – 301-883-9741

***Desert Place, Inc. v. Costa,*** 539 U.S. _____ 2003, 123 S.Ct. 2148 (2003).

**Sec. 171.22 Special Instructions To Be Read To Jury Before Presenting Them With the Verdict Questions**

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer: (a) that the employer had promulgated an explicit policy against racial harassment in the workplace; (b) that such policy was fully communicated to the employees; and (c) that such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management. Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

If you find that the Plaintiff proved his claim and that the Defendant has not proved its affirmative defense you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish need be introduced. In that respect it is not value you are trying to determine. But an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) out of pocket expenses

(b) Emotional pain and mental anguish

(c) Punitive damages

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.

So an award of punitive damages would be appropriate only if you find for the

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant in fixing the amount of such damages.

Meritor Savings Bank v. 477 U.S. 57, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986) and Harris v. Forklift Systems, Inc. 510 U.S. 17, 114 S. Ct. 367, 126 K. Ed.2d 295 (1993); Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed.2d 662 (1998); Burlington Indust v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) and 3C Kevin F. O'Malley et. al., Federal Jury Practice and Instructions Sec. 171.22 (5th ed. 2001). {modified}

ATTACHMENT C

**171.23 Special Interrogatories to the Jury ("Special Verdict Sheet")**

Do you find from a preponderance of the evidence:

1.    That the Plaintiff John McCrory was subjected to a hostile or abusive work environment because of his race.

Answer Yes or No._____

2.    That Plaintiff John McCrory was treated differently because of his race

Answer Yes or No._____

3.    That Plaintiff John McCrory was retaliated against (fired) because he reported racial hostility/misconduct on the job?

Answer Yes or No._____

4.    That the supervisors or other higher management at Delmarva knew or reasonably should have known about the racial hostility at Delmarva and failed to take corrective action?

Answer Yes or No._____

Note:  If you answered "No" to all of the preceding questions you need not answer the remaining questions.

5.     That the Plaintiff John McCrory should be awarded damages to compensate for emotional pain and mental anguish based on his Hostile Work Environment Claim?

Answer Yes or No._____

If your answer is Yes, in what amount? $_____.

6.    That the Plaintiff John McCrory should be awarded damages to compensate for emotional pain and mental anguish based on his Retaliation Claim?

Answer Yes or No._____

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

If your answer is Yes, in what amount? $_____.

7.  That the Plaintiff John McCrory should be awarded damages to compensate for emotional pain and mental anguish based on his Discrimination Claim?

Answer Yes or No._____

If your answer is Yes, in what amount? $_____.

8(a).    That a higher management official of the Defendant Delmarva Auto Glass acted with malice or reckless indifference of the Plaintiff's federally protected rights?

Answer Yes or No._____

8(b).    If your answer is Yes, that the Defendant Delmarva Auto Glass itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No._____

9.      If your answer is Yes, what amount of punitive damage, if any, should be assessed against the Defendant Delmarva Auto Glass?

$_____

SO SAY WE ALL

_____
                        Foreperson

Respectfully submitted,

**LAW OFFICES OF ANNE GBENJO**

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

Anne J. A. Gbenjo, 12145
1300 Mercantile Lane suite 100-C
Largo, Maryland 20774
Phone:  (301) 883-0250
Fax: (301) 883-9741
Attorney for Plaintiff

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741