IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
### EEOC FINDING AND DETERMINATION

Plaintiff, in the Joint Pre-Trial Statement, identified the EEOC Finding and Determination as a potential exhibit at trial. During the November 6, 2003, pre-trial conference, the Court granted Defendants the opportunity to file this motion on or before Tuesday, November 11, 2003.

The EEOC issued a Determination on September 11, 2002, stating, in pertinent part:

> Credible witness testimonials supported that the Charging Party was subjected to racial epithets and comments, despite repeated complaints to management. Evidence of record also supported that the harassment was repeated daily, thereby creating a hostile work environment. Respondents' contention that it is not liable for the daily barrage of racial and ethnic epithets because the Charging Party did not report it until after he was discharged is specious. Testimonial evidence showed that the harassers were Respondent's managers whom Charging Party reported to and were responsible for his discharge. Further, the evidence clearly supports that Charging Party had complained about the denigrating racial comments made by Respondent officials and that there was a causal connection between his complaints and his discharge.

(See attached).

The Court has the discretion to admit, or refuse to admit, into evidence the EEOC records. <u>Cox v. Babcock and Wilcox Co.</u>, 471 F.2d 13, 15 (4th Cir. 1972) (rejecting admissibility of EEOC investigative report); <u>United States v. MacDonald</u>, 688 F.2d 224, 230 (4th Cir. 1982) (noting that

evaluative public records may suffer from an undue risk of prejudice, and may "undermine the exclusive province of the jury.").

Defendants contend that the EEOC Determination should not be admitted into evidence as it has questionable probative value. The Determination is merely a cumulation of hearsay and contains the opinion of the investigator, based upon his or her credibility choices with respect to the hearsay. It contains findings of fact made from different witnesses, subjective comments on the credibility of these witnesses and reaches a conclusion. The witnesses questioned were not necessarily under oath at the time they were questioned, nor were the witnesses subject to cross-examination at the time. Furthermore, the Determination of the EEOC was clearly prepared for the purpose of litigation, as the report reaches the conclusion that a violation of Title VII occurred.

Without the testimony of the EEOC official who prepared the Determination, the Determination itself is hearsay. Although it may fall with the business records exception, it should not be admitted where it is nothing more than a cumulation of hearsay or opinion. There would be no one to testify as to how the EEOC conducted its investigation, which witnesses its spoke with, or what evidence it considered. As a matter of fact, although Defendants submitted a statement of position, the EEOC investigator never spoke with Defendants and never requested an affidavit or interview with Defendants.

The Determination is highly prejudicial, referencing a "daily barrage of racial and ethnic epithets" and calling Defendants' claims "specious." Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 is an important rule of evidence which permits this Court in its discretion to exclude relevant evidence on various grounds. Implementation of the Rule insures that prejudicial evidence will not be

presented and that evidence will not be presented which will confuse or mislead the jury.  See Atkinson Warehousing and Distribution, Inc. v. Ecolab, Inc., 99 F. Supp. 2d 665 (D. Md. 2000).

The Determination, were it to be admitted, would in some ways usurp the jury's fact-finding function.  There is a serious risk that the jury would be unduly swayed by the conclusions of the Determination without any understanding of what went into the EEOC's investigation and determination process.  Who did the investigators talk to?  What documents did they review?  How long did the investigation last? How experienced was the investigator?  Were the witnesses under oath?  Why didn't the investigator speak personally with the Defendants or take their statements under oath?  Exactly what evidence did the investigator rely upon?  Without answers to these questions, the jury has no basis for determining how much weight they should give to the Determination.  The EEOC investigator is no more qualified, and perhaps less so, than the jury to make factual findings.  Therefore, the Court should use its discretion to exclude the Determination.

                /s/
Steven B. Schwartzman
(Federal Bar No. 04686)

HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:   (410) 938-8909
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2003, a copy of Defendants' Motion in Limine to Exclude EEOC Determination was faxed and mailed by U.S. mail, postage prepaid to Anne J.A. Gbenjo, Esq., 1300 Mercantile Lane, Ste. 100-C, Largo, MD 20774, Attorney for Plaintiff

/s/
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine exclude eeoc findings.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
|     Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

UPON CONSIDERATION of Defendants' Motion in Limine to Exclude EEOC Determination, any opposition thereto, good cause having been shown, it is this _____ day of November, 2003 ORDERED:

1. That said Motion be and the same hereby is GRANTED; and

2. That Plaintiff, his counsel, and all witnesses on Plaintiff's behalf shall not introduce into evidence, argue, comment upon, testify to or reference the EEOC Determination.

_____
The Honorable Catherine C. Blake
United States District Court Judge