

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore District Office**

City Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 962-3932
TTY (410) 962-6065
FAX (410) 962-2817/4270

Charge No. 120-A2-0094

John McCrory
12079 Stallion Court
Lake Ridge, VA 22192                                Charging Party


Delmarva Auto Glass
1923 N. Salisbury Boulevard
Salisbury, MD 21801                                 Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue, on behalf of the Commission, the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Section 704 of the Act.

Respondent is an employer within the meaning of Title VII and all other jurisdictional requirements have been met. Charging Party alleged that he was subjected to racial comments and epithets based upon his race, Black. Specifically, Charging Party alleged that managers and co-workers repeatedly used the term, "nigger" or other derogatory comments when speaking to or referring to him, in violation of Title VII. Charging Party further alleged that he was discharged from Respondent's employ on July 16, 2001, in retaliation for complaining about a racially hostile environment.

Respondent denied the allegations contained in the charge. Rather, Respondent contended that the Charging Party was discharged after he expressed his unwillingness to travel to its Dover, Delaware location and after denying him use of the company van.

Credible witness testimonials supported that the Charging Party was subjected to racial epithets and comments, despite repeated complaints to management. Evidence of record also supported that the harassment was repeated daily, thereby creating a racially hostile work environment. Respondents' contention that it is not liable for the daily barrage of racial and ethnic epithets because the Charging Party did not report it until after he was discharged is specious. Testimonial evidence showed that the harassers were Respondent's managers whom Charging Party reported to and were responsible for his discharge. Further, the evidence clearly supports that Charging Party had complained about the denigrating racial comments made by Respondent officials and that there was a causal connection between his complaints and his discharge.

Determination (cont.)
Charge No. 120-A2-0094
Page 2

Based on the foregoing evidence obtained in the Commission's investigation, I conclude that there is reasonable cause to believe that Charging Party was subjected to a racially hostile environment and discharged, because of his race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended and Section 704 of the Act.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

A representative of the Commission will contact you shortly to initiate the conciliation process.

**ON BEHALF OF THE COMMISSION:**

SEP 11 2002
Date

James L. Lee
District Director

cc:  Mr. Steven Schwartzman.          Law Office
     Hodes, Ulman, Pessin & Katz, P.A. Anne J.A. Gbenjo
     901 Dulaney Valley Road           Attorney at Law
     Suite 400 .                        1300 Mercantile Lane, Ste. 100-C
     Towson, MD 21204                   Largo, MD 20774