IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
*******************************
JOHN McCRORY                  *
                              *
         Plaintiff            *
v.                            *
                              *
DELMARVA AUTO GLASS, et al    *   CASE NO.: CCB 02 CV 2350
                              *
         Defendants           *
*******************************
```

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The Defendants filed a motion in limine to exclude statements unrelated to Plaintiff's period of employment.  Below is a discussion from several authorities against the defendants' position.

*McDonnell Douglas v. Green,* 411 U.S. 792, 805, 5 FEP 965 (1973) focused on the macrocosm - global discriminatory practices have probative value in assessing the probability of whether another pattern of discrimination or a specific incident reflects a similar discriminatory intent.  The microcosm analysis reflects the same analysis. Thus if a given supervisor has reflected the alleged discriminatory intent in dealings with others not among the plaintiffs, those incident may be proven up even if the events are not ad litem.  There is abundant case law holding that the failure to allow corroborating contextual evidence of discriminatory acts is reversible error, even if it merely "tended to show a climate of race and age bias" at the company.  ***Estes v. Dick Smith Ford, Inc***., 856 F.2d 1097, 1102, 47 FEP 1472 (8th Cir. 1988).

Some of this body of law has been grounded in the Federal Rules of Evidence. Proof of discriminatory intent is crucial in disparate treatment litigation. While evidence

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

of a supervisor's prior act is inadmissible to prove character and that the person acted in conformity with that character, it is admissible to prove motive and intent under Rule 403(b). Evidence of a supervisor's past acts of racial discrimination are probative of the intent element of her actions toward the plaintiff. ***Jay Edwards, Inc. V. New Eng. Toyota Distrib., Inc***., 708 F.2d 814 (1st Cir.) Cert denied, 464 U.S. 894 (1983); ***Morris v. Washington Metro Area Transit Auth***., 702 F.2d 1037, 1045, 31 FEP 169 (D.C. Cir. 1983).

The court in ***Conway v. Electro Switch Corp***. 825 F.2d 593, 44 FEP 753 (1st Cir. 1987), the court discussed "evidence of Discriminatory Atmosphere."  The Conway court noted that "discrimination can be of a subtle insidious character" and that it was appropriate for a plaintiff to adduce evidence that was relevant to the "corporate state-of-mind" with regard to discrimination.  The defendant argued that certain statements that reflected that women were held in lower regard as employees were prejudicial. The court held that any such concerns were outweighed by the plaintiff's right to prove up the discriminatory atmosphere at the place of employment.

Additionally, discriminatory animus is an attitude.  Normally, attitudes held by individuals are long-term value choices. Thus, the party seeking to prove discriminatory attitude should be allowed a wide latitude of time frame in relationship to the challenged employment actions with regard to which proof of discriminatory attitude will be admissible.  As the Third Circuit eloquently put it: a play cannot be understood on the basis of some of its scenes but only on its entire performance,...a discrimination analysis must concentrate not on the individual incidents, but on the overall scenario. ***Andrews v. City of Phila.,*** 895 F.2d 1469, 1484, 54 FEP 184 (3rd Cir. 1990).  The defendants may

LAW OFFICES OF ANNE GBENJO
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

argue that facts occurring after the moment of discrimination are irrelevant because they could not have been in the mind of the decision maker at the moment of decision. However, the fact that discriminatory animus is an attitude and there is no reason to believe that it disappears after what may be the "moment of discrimination" in an individual case, should trump the argument that facts after the moment are irrelevant. A good example illustrating this is the Eight Circuit's decision in ***Radabaugh v. Zip Feed Mills, Inc.*** 997 F.2d 444, 62 FEP 438 (8th Cir. 1993). Some of the words deemed to be direct evidence of animus were spoken after the plaintiff was discharged but were deemed relevant. ***In Stacks v. Southwestern Bell Yellow Pages, Inc.***, 27 F. 3d 1316, 65 FEP 341 (8th Cir. 1994), on of the plaintiff's claims was for hostile work environment. The District Court held that the company could not be "held liable for the incident at the party following the golf tournament in which a supervisor put on a videotape showing him in a car with barebreasted female sales representatives. The appellate court held that the incident was probative of claim even though it occurred after the plaintiff was terminated.

The Second Circuit reversed a summary judgment for the employer, holding that much evidence of racially discriminatory conduct in the workplace had been erroneously excluded. ***Schwapp v. Avon,*** 118 F.3d 106, 74 FeP 955 (2d Cir. 1997). The court noted: "Just as a racial epithet need not be directed at plaintiff in order to contribute to a hostile work environment...the fact that a plaintiff learns second-hand of a racially derogatory comment or joke by a fellow employee or supervisor also can impact the work environment." ***Kent Spriggs.***

In particular, acts of prior discrimination may be relevant to Plaintiffs' proof that

Defendant's articulated reasons for its actions are pretextual. ***Derrickson v. Circuit City Store*** 84 F.Supp.2d 679 (D.Md 2000) citing (quoting ***Holsey v. Armour & Co.***, 743 F.2d 199, 207-08 (4th Cir.1984); ***Warren v. Halstead Indus., Inc.***, 802 F.2d 746, 753 (4th Cir.1986); ***United Air Lines v. Evans***, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) The requirements of Title VII does not bar employee from using prior acts of discrimination. ***National Railroad Passenger Corporation v. Morgan*** 122 S.Ct. 2061153 L.Ed.2d 106 (2002).

Not only will the discriminatory statements the defense is attempting to exclude show that there was a discriminatory atmosphere, it will show the intent and/or racial animus which is probative of Plaintiff's claims. While some of the statements made were not directly from the decision maker, they were made by the decision maker's subordinates. Specifically, a significant portion of the statements were made by the decision maker's son and brother. The decision maker is the owner and/or President of the defendant company. "If a plaintiff can show that the attitudes of the person who made the remarks tainted the decision maker's judgment, the remarks can be relevant to prove discrimination." ***HILL, v. Lockheed Martin Logistics Management***, ***Incorporated*** 314 F.3d 657 (4th Cir. 2003) citing ***Hoffman v. MCA, Inc***., 144 F.3d 1117, 1121-22 (7th Cir.1998). The ***Hill*** court stated:

> "In deciding whether a subordinate is a decisionmaker in a ***Price Waterhouse*** mixed-motive case, the focus must be on the subordinate's actual influence rather than his formal role in the adverse employment decision. The reason for this is simple: if a biased subordinate has substantial influence over the employment decision, the subordinate's bias can bear directly on the decision. If we refused to recognize this, it would mean that the statement, "I'm going to get you fired because you are old and female," made by a

**LAW OFFICES OF ANNE GBENJO**
1300 MERCANTILE LANE, STE. 100-C
LARGO, MD 20774
PHONE - 301-883-0250 • FAX - 301-883-9741

subordinate who was an actual (but not a formal) decisionmaker could not count as direct evidence of discrimination.  That cannot be right, for if it was, a wily employer could prevent a plaintiff from ever taking advantage of the *Price Waterhouse* framework."

*Hill* at 666. Depriving the instant Plaintiff of these proofs or excluding these proofs from evidence will be tantamount to denial of his due process rights.

WHEREFORE for these and other reasons that appear to this Honorable Court to be proper and just, Plaintiff prays that the defendants' Motion be denied.

Respectfully submitted,

**LAW OFFICES OF ANNE GBENJO**

_____
Anne J. A. Gbenjo, 12145
1300 Mercantile Lane suite 100-C
Largo, Maryland 20774
Phone:  (301) 883-0250
Fax: (301) 883-9741
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 11th day of November, 2003, a copy of Plaintiff's Response to Defendant's Motion in Limine to Exclude Statements Unrelated to Plaintiff's period of Employment was E-filed and first class, postage prepaid mail to all parties as follows:

Steven Schwartzman, Esquire
Hodes Ulman Pessin & Katz, P.A.
901 Dulaney Valley Road Suite 400
Towson, M.D.  21204
Counsel for Defendants.

/s/
_____
Anne J.A. Gbenjo