IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
|     Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE**
**PLAINTIFF'S PROPOSED EXHIBITS**

Pursuant to the Court's Order, on November 11, 2003, Plaintiff provided Defendants with copies of the exhibits that Plaintiff intends to introduce at trial. Plaintiff files this motion-in-limine in response to certain documents that Plaintiff intends to introduce.

    A.    **Defendant's Statement of Position to the EEOC, EEOC Intake Questionnaire and Investigator Notes**

Plaintiff seeks to introduce at trial Defendant's Statement of Position to the EEOC, the EEOC Intake Questionnaire and the Investigator's Notes. For the reasons stated in Defendants' Motion to Exclude the EEOC Determination, these documents should be excluded at trial.

The Court has the discretion to admit, or refuse to admit, into evidence the EEOC records. <u>Cox v. Babcock and Wilcox Co.</u>, 471 F.2d 13, 15 (4th Cir. 1972) (rejecting admissibility of EEOC investigative report); <u>United States v. MacDonald</u>, 688 F.2d 224, 230 (4th Cir. 1982) (noting that evaluative public records may suffer from an undue risk of prejudice, and may "undermine the exclusive province of the jury.").

Generally, the courts have discretion to exclude the investigatory file of the EEOC in order to insure a fair and independent determination of the facts by the court.  See Tulloss v. Near North Montessori School, Inc., 776 F.2d 150, 154 (7th Cir. 1985).  As one court noted, the EEOC file is a "mish-mash of self-serving and hearsay statements and records; . . . justice requires that the testimony of witnesses be given in open court, under oath, and subject to cross-examination."  Id. (citing Gillin v. Federal Paper Board Co., 479 F.2d 97, 99 (2d Cir. 1973).  The file documents which Plaintiff offers contains the legal theories Defendants' counsel, statements of the Plaintiff to the EEOC intake officer, and the unidentified notes of an investigator.

The Plaintiff will, of course, have the opportunity to testify in person as to the facts and thus, there is no need to rely upon his written statements to the EEOC.  To the extent that the EEOC investigator recorded his/her notes with regard to a witness conversation, the Plaintiff will have the opportunity to have that witness testify in person, as well.  The Plaintiff will have every opportunity to admit relevant evidence and to have anyone testify on his behalf.  Therefore, the Court should use its discretion to exclude these EEOC file documents.

**B.   Payroll Summary**

Plaintiff seeks to introduce nine pages from various payroll summary reports.  These reports show the pay to Plaintiff, as well as the pay for at least six other Delmarva Auto Glass employees.  The parties have stipulated that Mr. McCrory earned a base wage of $12.00 during his entire period of employment.  Defendants have no objection to introducing Plaintiff's W-2 statement (and in fact, Defendants have included the W-2 in their own exhibit list).  Thus, there is no dispute as to what Mr. McCrory earned.

The payroll summaries are objectionable because they show the wages of other employees.  As this Court recognized in the Pretrial Order, there is no claim for discrimination as to wages, and for that

reason the Court ruled that Payroll Summaries were inadmissible. Defendants, however, would not object to redacted summaries which reflect only the Plaintiff's wages and not the wages of any other employee.

    **C.**    **Time Clock records**

Plaintiff seeks to introduce various time clock entries of Mr. McCrory. Defendants object to the introduction of these records on the ground of relevance. There simply is no dispute as to when Mr. McCrory clocked in or out on any given day. The parties have stipulated as to his first day of work and his last. His daily time records are not relevant to any dispute.

        /s/
Steven B. Schwartzman
(Federal Bar No. 04686)

HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:  (410) 938-8909
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2003, a copy of Defendants' Motion in Limine to Exclude Exhibits was electronically filed, faxed and mailed by overnight mail, postage prepaid to Anne J.A. Gbenjo, Esq., 1300 Mercantile Lane, Ste. 100-C, Largo, MD  20774, Attorney for Plaintiff

        /s/
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine exclude exhibits.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
|     Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

UPON CONSIDERATION of Defendants' Motion in Limine to Exclude Exhibits, any opposition thereto, good cause having been shown, it is this _____ day of November, 2003 ORDERED:

1.    That said Motion be and the same hereby is GRANTED; and

2.    That Plaintiff, his counsel, and all witnesses on Plaintiff's behalf shall not introduce into evidence, argue, comment upon, testify to or reference the EEOC Statement of Position, Intake Questionnaire, Investigator's Notes, Payroll Summary or Time Clock Records.

_____
The Honorable Catherine C. Blake
United States District Court Judge