IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
| Plaintiff | * |
| v. | *   Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' MOTION IN LIMINE TO LIMIT BACK PAY

Plaintiff, on November 11, 2003, provided Defendants with a calculation of back pay (seeking $34,337.23). Defendants object to any claim for back pay after Mr. McCrory obtained comparable employment.

Plaintiff's employment with Delmarva Auto Glass terminated on July 19, 2001. Mr. McCrory testified at deposition that some time in 2002 he found employment with Glassmasters in Richmond, Virginia. He voluntarily quit his position with Glassmasters after a few months. On or about October 28, 2002, Mr. McCrory began work for Binswanger Glass (a/k/a VVP America, Inc.). At the time of Mr. McCroy's deposition (February 6, 2003), Mr. McCrory remained employed by Binswanger Glass. Mr. McCrory admitted that at Binswanger Glass he was earning more than he had earned at Delmarva Auto Glass and was receiving a better benefit package.

In Defendants' view, Mr. McCrory's obtaining subsequent higher-paid employment cuts off his claim for back pay. Thus, Defendants request that the Court rule that Plaintiff is not entitled to back pay

for any period of time after he obtained comparable employment, which is, at the outside, October 28, 2002.

This has become an area of dispute as Defendants learned for the first time on November 11, 2003 that Plaintiff was making a claim for back pay for the year 2003. Plaintiff's counsel explained that she had only recently learned that Mr. McCrory had resigned his employment with Binswanger Glass due to medical reasons. Counsel for Plaintiff advised that Mr. McCrory worked only part-time during the period May to June 2003. She stated that she would be submitting an updated response to Defendants' interrogatories with respect to his employment situation.

If Plaintiff voluntarily resigned his employment with Glassmasters or with Binswanger Glass after seven months of employment, Defendants' obligation to pay back pay ceases.

> Thus, a Title VII plaintiff cannot remain idle after an unlawful discharge and receive back pay for that period where he was not actively seeking employment. The discharged employee must make a reasonable effort to find other suitable employment. Indeed, the claimant "forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied." **Moreover, where the discharged Title VII plaintiff subsequently finds similar employment, but then voluntarily quits, back pay should be decreased by the amount he would have earned had he not quit.**
>
> It is therefore the general rule that a Title VII claimant's voluntary refusal to seek or to accept substantially equivalent employment, or to remain in such a job once secured, risks or even insures a loss of back pay.

(citations omitted) (emphasis added). Brady v. Thurston Motor Lines, Inc., 753 F. 2d 1269, 1273 (4th Cir. 1985). The back pay period is tolled when the quit is for "personal reasons unrelated to the job or as a matter of personal convenience." Id. at 1278. See also Herring v. Thomasville Furniture Industries, Inc., 1999 WL 1937352 (M.D. N. Car. 1999) ("Plaintiff's voluntary resignation from comparable employment effectively cuts off any claim she has for back pay after that point based on Plaintiff's failure to mitigate her damages.")

Therefore, because Plaintiff apparently quit his job with Glassmasters and then with Binswanger Glass due to medical reasons and is apparently unable to work full-time, Plaintiff's claim for back pay should be cut off. Plaintiff should not be entitled to any award of back pay after obtaining comparable employment.

          /s/
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:  (410) 938-8909
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2003, a copy of Defendants' Motion in Limine to Limit Back Pay was electronically filed, faxed and mailed by overnight mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD  20774
Attorney for Plaintiff

          /s/
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine back pay limitation.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of Defendants' Motion in Limine to Limit Back Pay, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1. That said Motion be and the same hereby is GRANTED; and

2. That Plaintiff's claim for back pay shall be cut off from the date on which he obtained comparable employment, but in any event, no later than October 28, 2002.

_____
The Honorable Catherine C. Blake
United States District Court Judge