IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN McCRORY | * |
|     Plaintiff | * |
| v. | *  Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF LARRY JONES

In the Joint Pretrial Order, Plaintiff identified Larry Jones as a witness. As the parties discussed at the Pretrial Conference, Plaintiff had not identified Mr. Jones during discovery. In response to Defendants' prior motion in limine, the Court instructed Plaintiff's counsel to make Mr. Jones available for deposition prior to the start of the trial on November 17, 2003.

The undersigned contacted Plaintiffs' counsel, and on November 11, 2003, Plaintiff counsel's advised that she had been unable to reach Mr. Jones. The Court stated the Plaintiff's counsel, who has proffered this witness, should take the lead in initiating contact with Mr. Jones.

Nonetheless, the undersigned personally contacted Mr. Jones on November 12, 2003. Mr. Jones advised that he had not received a subpoena for trial, and in fact, was not aware that a trial was to take place. Mr. Jones was not amenable to voluntarily appearing for a deposition. The undersigned reported this conversation to Plaintiff's counsel.

Defendants submit that this Court should exclude Mr. Jones from presenting testimony at trial due to Plaintiff's failure to identify him and his expected area of testimony during discovery and her failure to make him available for deposition prior to trial.

A trial court has the right to exclude the testimony of an undisclosed witness in the exercise of the court's discretion where the calling party has failed to comply with the discovery rules.  <u>See</u> 81 Am. Jur. 2d Witnesses § 61; <u>Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F. 3d 592 (4th Cir. 2003) (district court did not abuse its discretion in excluding any testimony by customer's expert, where customer failed to timely supplement expert's opinion).

Clearly, the names of witnesses to particular events giving rise to an action are proper objects of discovery.  Defendants, in their interrogatories, requested the identity of "each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages. . ." Plaintiff did not identify Mr. Jones.

Fed. R. Civ. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."  Defendants have been harmed by Plaintiff's failure to identify Mr. Jones or make him available for deposition prior to the close of discovery.  There is no opportunity now to timely serve a subpoena upon Mr. Jones with only two business days before trial.

                                                      /s/
                                      Steven B. Schwartzman

(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland  21204-2600
Tele:  (410) 339-6746
Fax:   (410) 938-8909
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2003, a copy of Defendants' Motion in Limine to Exclude Larry Jones was electronically filed, faxed and mailed by overnight mail, postage prepaid to:

Anne J.A. Gbenjo, Esq.
1300 Mercantile Lane, Ste. 100-C
Largo, MD  20774
Attorney for Plaintiff

_____/s/_____
Steven B. Schwartzman

G:\files\STEVE\Delmarva Auto Glass\motion in limine (larry jones).doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN McCRORY | * | |
| Plaintiff | * | |
| v. | * | Case No.: CCB 02 CV 2350 |
| DELMARVA AUTO GLASS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of Defendants' Motion in Limine to Exclude Larry Jones, any opposition thereto, good cause having been shown, it is this _____ day of _____, 2003 ORDERED:

1. That said Motion be and the same hereby is GRANTED; and

2. That Plaintiff shall not be entitled to call Mr. Jones as a witness at trial.

_____
The Honorable Catherine C. Blake
United States District Court Judge